**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADOLFO ESTRELLA-YUAN,

Defendant - Appellant.

No. 10-10203

D.C. No. 2:09-cr-50137-ROS-1

MEMORANDUM[*]

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADOLFO ESTRELLA-YUAN,

Defendant - Appellant.

No. 10-10184

D.C. No. 2:09-cr-01005-ROS-1

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted May 9, 2011
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOULD and M. SMITH, Circuit Judges, and MARBLEY, District Judge.[**]

Defendant Adolfo Estrella-Yuan appeals his conviction by a jury of entering the United States without permission of the Attorney General after being excluded, deported, or removed from the United States in violation of 8 U.S.C. § 1326. He also appeals the district court's revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291. We affirm Estrella-Yuan's conviction and the revocation of his supervised release.

Estrella-Yuan challenges his conviction on three grounds: (1) erroneous admission of the I-205/Warrant of Deportation as a public record under Federal Rule of Evidence 803(8); (2) insufficiency of the evidence; and (3) erroneous admission of unduly prejudicial, cumulative, and confusing evidence of prior deportations and illegal reentries in violation of Federal Rule of Evidence 403.

First, the district court did not abuse its discretion when admitting the I-205 as a public record. A warrant of deportation is hearsay, but it is well established that the document is admissible under the public records exception because "the notation on an I-205 form indicating that an alien has left the country is a routine, objective, indeed mechanical recording of an unambiguous factual matter." *United*

---

[**] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

*States v. Contreras*, 63 F.3d 852, 857 (9th Cir. 1995). In this case, however, the Immigration and Customs Enforcement agents testified that protocol was not followed in the production of the document. As a result, the district court required additional foundation before the document was admitted. *See United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th Cir. 1997) (stating that documents that fall under the public records exception are presumed trustworthy, and the opponent of the record bears the burden of establishing untrustworthiness). The agents testified that the purpose of a warrant of deportation is to provide the alien with notice of his or her deportation and to record that the deportation has occurred. *See United States v. Mendez-Casillas*, 272 F.3d 1199, 1204 (9th Cir. 2001). Here, this purpose was satisfied: the agents stated that they would not have signed the form if they had not verified, through standard deportation procedures, that Estrella-Yuan had been deported. Additional evidence at trial supported their testimony. Accordingly, the district court properly found that Estrella-Yuan did not carry his burden of proving untrustworthiness, and did not abuse its discretion in admitting the I-205 under Rule 803(8).

Second, the evidence the government introduced was sufficient to show that Estrella-Yuan was removed from the country in January 2007, as charged in the indictment. The I-216 manifest showed that he was transferred on a government-

3

charted plane from Chicago to El Paso. The I-205 warrant of deportation verified his removal. Furthermore, the testimony from Agents Renteria and Vasquez supports the jury's finding that Estrella-Yuan was removed from the United States. They testified that an individual got off the government-chartered plane and responded to the name "Estrella-Yuan" during the roll call, accepted the property of Estrella-Yuan before crossing the border, and was accompanied by an I-205 containing his name, photograph, signature, and fingerprint. Construing this evidence in the government's favor, a rational jury could conclude beyond a reasonable doubt that Estrella-Yuan was deported on January 26, 2007 at El Paso, Texas. *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc).

Third, the district court abused its discretion when it admitted evidence of Estrella-Yuan's prior reentries and deportations. The government offered evidence from several prior reentries and deportations to support the inference that he had entered the United States in July 2009 knowingly and voluntarily.[1] But the

---

[1]This evidence consisted of Agent Sanchez's testimony regarding his database search of prior removals and illegal reentries between 1990-1994, as well as the following documents: (1) warning of impending deportation dated November 21, 1990; (2) I-205/Warrant of Deportation dated November 21, 1990; (3) immigration judge's determination of eligibility for deportation dated November 27, 1991; and (4) Notice of Intent/Decision to Reinstate a Prior Order of deportation dated June 7, 2004.

4

government did not need to rely on these prior offenses to establish the knowing and voluntary element of the charged offense. Nor was the evidence necessary to prove alienage, or to provide examples of Estrella-Yuan's handwriting, signature, and fingerprints. Accordingly, the large number of additional reentries and deportations increased the risk of unfair prejudice to the defendant, and was of little probative value to the government's case. *See United States v. Weiland*, 420 F.3d 1062, 1078 (9th Cir. 2005). This evidence should have been redacted under Federal Rule of Evidence 403. Additionally, the court should have excluded the January 2007 Warning to Alien Ordered Removed or Deported under Rule 403. Nevertheless, these errors were harmless because of the district court's limiting instructions and the strong evidence of the defendant's guilt. It is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Neder v. United States*, 527 U.S. 1, 3 (1999).

We affirm the criminal conviction. As the revocation of the supervised release was based on this conviction, we affirm the revocation of the supervised release.

**AFFIRMED.**